In the Matter of YONKERS FEDERATION OF TEACHERS, LOCAL 860, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Petitioner, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board of the State of New York, et al., Respondents.

Third Department, June 25, 1974.

*Eugene M. Kaufman* for petitioner.

*Martin L. Barr* for Public Employment Relations Board of the State of New York, respondent.

*Eugene Fox* for Yonkers Board of Education and another, respondents.

MAIN, J. On February 16, 1972, respondent Board of Education of the City of Yonkers filed with the Public Employment Relations Board (PERB) a charge against the Yonkers Federation of Teachers, alleging that the federation engaged in an eight-day strike against all of the public schools in the City of Yonkers in violation of subdivision 1 of section 210 of the Civil Service Law. At a hearing on the matter, the federation conceded that it had engaged in the strike, but asserted as a defense that its employer, the Board of Education, had engaged in

acts of extreme provocation which detracted from the federation's responsibility for the strike. Accordingly, the federation argued that these provocative acts should be considered in mitigation of any penalty imposed upon it for its strike activities. The hearing officer, however, rejected this contention and found that "the sole reason for the strike was that the Federation failed to gain its demands during the self-imposed time period". PERB agreed with this finding and ultimately determined, as noted above, that the federation should forfeit its dues check-off rights for a period of 10 months.

The sole question for us to decide is whether there is substantial evidence to support PERB's rejection of the federation's contention that its employer engaged in such acts of extreme provocation as to detract from the federation's responsibility for the strike.

We find that there is such substantial support. On December 20, 1971, the federation voted to strike on January 3, 1972 if its demands were not fully met, and this action proved to be no mere idle threat as the strike did, in fact, follow on the appointed day when the employer failed to accede to the federation's demands. These occurrences provide ample justification for the conclusion that the strike threat and the strike were purposely utilized as negotiating weapons by the federation and were not precipitated by any acts of the employer. In so concluding, we do not contend that the employer's conduct was exemplary or beyond question. However, there was a legal remedy, pursuant to section 209-a of the Civil Service Law, for any alleged failure by the employer to bargain in good faith and, hence, no need for the federation to resort to an illegal strike. Recognizing that remedies for improper employer and employee organization practices are peculiarly within the administrative competence of PERB (cf. *Matter of City of Albany v. Helsby,* 29 N Y 2d 433), we must, therefore, confirm its determination on this record.

The determination should be confirmed, with costs, and petition dismissed.

STALEY, JR., J. P., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Determination confirmed, with costs, and petition dismissed.